UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| *IN RE* **SCHERING-PLOUGH/MERCK** : <br> **MERGER LITIGATION** : <br> : | Civil Action #: 09-1099 (DMC) (MF) |

**HEARING DATE: March 24, 2010 10am**

# CLASS MEMBER MARAIN'S MEMORANDUM OF LAW

# IN OPPOSITION TO PROPOSED CLASS ACTION SETTLEMENT

Mark R. Silber
10 Station Pl Ste 2
P.O. Box 486
Metuchen NJ 08840-0486

Tel. 732.494.0400
Mark@MarkSilber.com

Attorney For Class Member Allan Marain

**Procedural History**

The Procedural History is as set forth in Class Plaintiff's moving "Memorandum In Support Of Motion For Certification Of Settlement Class, Approval Of Notice Plan, And Preliminary Approval Of Proposed Class Settlement," supplemented with the following:

On March 9th, 2009, Schering-Plough and Merck announced their respective boards of directors approved an agreement and plan of merger. On March 10th, 2009, the first of approximately fifteen (15) class action lawsuits were filed.

On or about December 3rd, 2009, Plaintiffs filed this motion seeking court approval to settle the case by paying the lawyers $3.5 million. Defense counsel will not oppose the application and "New Merck" will pay the lawyers within twenty (20) business days.

Allan Marain, a Class Member and *bona fide* "New Merck" stockholder, now files his objections to the Proposed Settlement, which is the subject of the present hearing. He further moves to assess Class Counsel with sanctions under *F.R.C.P.* 11, seeking an Order:

1. Approving that portion of the proposed Class Action Settlement dismissing the lawsuit;
2. Determining Class Counsel are subject to sanctions as contemplated by *F.R.C.P.* 11 in that they have obtained no benefit from their multiple Class Action Complaints: no recovery of money; no equitable relief; and not even "coupons", or other benefit for their clients, yet seek to extort fees of $3.5 million for themselves in reward of their losing effort;
3. Compelling Defense Counsel to submit an affidavit of services rendered for defending this matter;
4. Entering joint and several judgment against Class Counsel for the reasonable attorneys fees and costs incurred by Defendants in successfully defending this action;
5. Finding that Class Member, Allan Marain, will save Class Members $3.5 million plus obtain an additional fund substantially equal to the amount of legal fees and costs paid by Defendants to Defense Counsel for defense of this matter, perhaps another $3.5 million, more or less;
6. Directing Mr. Marain's counsel, Mark R. Silber, to submit an affidavit of services for

purposes of assessing a reasonable fee in his favor and against Class Counsel, based upon the fund of money to be saved by Class Members in their capacity as shareholders of Defendant, and entering judgment, joint and several, on same;

7. For such other relief as may be deemed appropriate under the facts and law of this case and as this matter may require to serve the ends of justice.

## Statement Of Facts

(The Statement Of Facts Is Essentially The Same, But Bears Repeating)

1. On March 9th, 2009, Schering-Plough and Merck announced their respective boards of directors approved an agreement and plan of merger. [Admitted - see Plaintiffs' "Notice Of Pendency Of Class Action, Proposed Settlement Of Class Action and Final Approval Hearing," §II., "Background Of The Lawsuit."]

2. On March 10th, 2009, the first of approximately fifteen (15) class action lawsuits were filed. [Admitted, *Ibid*.]

3. The merger was overwhelmingly approved by a vote of 99.1 % of the voting shareholders. [Admitted, see Plaintiffs' Memorandum Of Law, "Point Two b) Reaction of the Class to the Settlement"]

4. On or about December 3rd, 2009, Plaintiffs filed this motion seeking court approval to settle the case by paying the lawyers $3.5 million. Defense counsel will not oppose the application and "New Merck" will pay the lawyers within twenty (20) business days.

5. The settlement neither pays nor delivers anything of value to Class Plaintiffs: no common fund; no equitable relief; - not even a "coupon[1]." The Settlement is an outright dismissal. [Admitted, see Proposed Settlement]

6. Allan Marain is a Class Member and owner of "New Merck" stock. [See Marain Certification Of Class Membership]

7. Mr. Marain objects to the Proposed Settlement insofar as it:

    a. Awards attorneys fees and costs to Class Counsel;

---

[1]Class Member Marain does not suggest a "coupon" would be appropriate.

    b.    Bars Defendants from opposing Class Counsel's application for fees and costs;

    c.    Permits Class Counsel "At or before the Final Approval Hearing," to apply to the Court for an award of attorneys' fees of up to $3.5 million, without notice to the Class and an opportunity to be heard and;

    d.    Places the cost of noticing Class Members of Class Counsel's application for $3.5 million upon Defendants.

    e.    Mr. Marain seeks to require Defense Counsel to vigorously oppose Class Counsel's application for fees and costs, and order Class Counsel to serve Notice of its fee application on all class members affording them the same right to be heard and object as the Notice of Class Action and Proposed Settlement. [See Marain "Notice Of Intention To Appear"]

8.    Absent from Plaintiffs' Statement of Facts is any reference to what inquiry, "reasonable under the circumstances," was made to comply with *Rule* 11(b), prior to filing the Complaint(s) in this matter. [See Plaintiffs' Motion]

**Legal Argument**

**POINT I**

    **THERE IS NO POINT IN CERTIFYING**

    **THIS CLASS ACTION EXCEPT TO MAKE**

    **PLAINTIFFS' CLASS COUNSEL**

    **ELIGIBLE FOR ATTORNEYS FEES**

In a class action, counsel fees and costs may be awarded, " ... in a ***certified*** [emphasis supplied] class action. [*F.R.C.P.* 23(h)] Hence, a condition precedent to a recovery of attorneys fees and costs is certification of Plaintiffs as a class. Here, where there is no recovery to the Class: no fund; no equitable relief; and no "coupons;" and where the sole benefit to the Class is dismissal of the lawsuit and an end to the litigation, there is no point to certifying this case.

Consider the result of non-certification. There is no difference in result. The case(s) get dismissed as lacking merit. Plaintiffs recover nothing, and Class Plaintiffs, as stockholders of "New Merck," are now **NOT** required to pay any further costs of this litigation, to wit: attorneys

fees and costs to Class Plaintiffs.

Given the structure of this Proposed Settlement, that is, no recovery to Class Members, the benefit to the Class is **NOT** to certify the class action, for to do so, makes Class Counsel eligible to apply for attorneys fees and costs.

**POINT II**

**CLASS COUNSEL HAVE MOVED THEMSELVES INTO A POSITION OF CONFLICT OF INTEREST WITH THOSE WHOM THEY REPRESENT**

Class Counsel admit 99.1% of the voting stockholders overwhelmingly approved the merger of Schering-Plough and Merck. Former stockholders of both corporations are now stockholders of "New Merck," the new corporation. Class Counsel submits it has recovered nothing for the Class Plaintiffs, yet it asks its clients to approve the payment, from Company funds, of $3.5 million. In Plaintiffs' Notice of Class Action, at §V. "Reasons For The Settlement," Class Counsel argues it has, " ... **considered** [emphasis supplied] (i) the substantial benefits to the members of the Class from the Settlement; ..."

It takes little common sense to quickly grasp the only benefit to settlement of this matter, as it is presently proposed, is to Class Counsel. There is no benefit to the Class. They have no cause of action. Their fee arrangement with Class Counsel was, no doubt, contingent on the outcome. There is no outcome. The Class did not agree to make payment of counsel fees and costs if the suit were lost. As stockholders of the new merger company, Class Members are being asked to pay a legal fee on what was supposed to be a contingent fee arrangement. There is no basis to change the fee arrangement between Class Counsel and their clients.

It is easily seen why Class Counsel does not argue either lodestar or a percentage fee determination. It obfuscates the matter by generically referring to hundreds of thousands of documents and hours of unspecified depositions, yet no mention is made of how it expects to derive a fair and reasonable fee. Two methods of awarding legal fees and costs have been established in class action jurisprudence.

"The lodestar and the percentage of recovery methods each have distinct

> attributes suiting them to particular types of cases. Ordinarily, a court making or approving a fee award should determine what sort of action the court is adjudicating and then primarily rely on the corresponding method of awarding fees (though there is, as we have noted, an advantage to using the alternative method to double check the fee)." McCoy v. Health Net, Inc., 569 F.Supp.2d 448, D.N.J.,2008.

Here, there is no fund from which to award a contingent fee based upon a percentage of recovery, giving credit for equitable relief and contingent risks. If the retainer agreement between Class Counsel and its clients is contingent on some measure of success, there is clearly no fee due. In "common fund" cases, the percentage of recovery method is appropriate. It is the proper method of awarding attorneys' fees. *Ibid.*

In calculating an attorneys fee when there is a fund, it is cross-checked with the lodestar fee. Here, there is no fund. If an attorneys fee is awarded, it must be based solely upon the lodestar method of calculation. When a fee is assessed using the lodestar method, no contingent multiplier is permitted. *City of Burlington v. Dague*, 505 *U.S.* 557, 112 *S. Ct.* 2638, U.S. Vt.,1992, June 24, 1992

Class Counsel have not filed an application for attorneys fees other than to reference a proposed agreement to be paid up to $3.5 million. No fee agreement has been supplied and no hourly lodestar computation is submitted. If fees are awarded to Class Counsel, it comes from shareholders' equity in "New Merck."

**POINT III**

    **CLASS COUNSEL OWE SANCTIONS PURSUANT**

    **TO *F.R.C.P.* 11(b)(2) AND (3)**

Class Counsel owe sanctions pursuant to *F.R.C.P.* 11(b)(2) and (3). Here, where a multitude of class actions were filed by many law firms within a day or days of a corporate announcement of a merger, the logical inference to be drawn is no "inquiry reasonable under the circumstances" was made. Indeed, the proposed settlement of this lawsuit evidences the factual allegations lacked "evidentiary support," *F.R.C.P.* 11(b)(3).

But, even if the Court were to overlook the unsubstantiated and unwarranted filing of a horde of complaints in favor of "... likely hav[ing] evidentiary support after a reasonable

opportunity for further investigation or discovery;" the Court remains faced with Class Counsel making a determination to discontinue the lawsuit without a recovery of money, equitable relief, or even the classic "coupon," but seeking to extort a $3.5 million fee from its clients; describing its dead-end loss as a victory.

Class Counsel does not cite existing jurisprudence justifying an award of a $3.5 million fee where Class Counsel recovered nothing. Class Counsel does not argue to extend or change existing law to permit it to recover $3.5 million for nothing more than a mere dismissal of its unwarranted multitude of class action complaints.

This case, as handled by Class Counsel, is the reason people and legislatures across the country call for tort reform. This case, as handled by Class Counsel, explains why industry and business in America and in particular, in New Jersey is choked to death by frivolous litigation. Defendants obviously have agreed that it's cheaper to pay $3.5 million to settle this case than to continue to fight it, even though Class Counsel virtually concedes it is going nowhere.

Neither the Defendants nor Class Members, nor Mr. Marain should be called upon to contribute to Class Counsel's fees. Approving the Settlement Proposal as it is presently constituted brings shame to the legal profession. It visits injustice on Defendants and Class Members and distorts the Court's purpose in providing for an award of counsel fees in *F.R.C.P.* 23.

Reading Class Counsel's description of the "Background Of The Lawsuit" contained within its "Notice Of Pendency Of Class Action, etc., " conjures up visions of American manufacturers doing business in shark infested waters. Here, law firms, licking their chops at the smell of money in the water, swim over, under and around every deep pocket waiting to initiate costly debilitating litigation in hopes of picking off a few million here and again without regard to the short or long-term deleterious effect of their actions on American commerce and the public good.

Just as Courts protect citizens from their government's abuse of power, so must the Court protect citizens from the abuse of self-serving lawyers who, somewhere during their careers, lose their sense of fiduciary obligation to their clients, the public good and their oath of office.

Sound common sense and legal reasoning require the following sanctions to correct the injustice.

A.  There is no justification to award Class Counsel $3.5 million.

B.  Class Counsel should show cause why it should not be assessed Defendants' reasonable attorneys fees and costs of defense of the action which they rushed to file *en masse*;

C.  Defense Counsel should submit an affidavit of fees and costs of defense;

D.  Class Counsel should jointly and severally reimburse Defendants their costs of defense;

E.  Class Member Allan Marain's counsel, Mark Silber, should be awarded a reasonable fee for intervening on behalf of the Class Members based upon a fund of money saved by Defendants and Class Members to be paid by Class Counsel, jointly and severally.

## CONCLUSION

For each and all of the foregoing reasons, Class Member Allan Marain prays for entry of an Order:

1.  Approving that portion of the proposed Class Action Settlement dismissing the lawsuit;

2.  Determining Class Counsel are subject to sanctions as contemplated by *F.R.C.P.* 11 in that they have obtained no benefit from their multiple Class Action Complaints: no recovery of money; no equitable relief; and not even "coupons", or other benefit for their clients, yet seek to extort fees of $3.5 million for themselves in their losing effort;

3.  Compelling Defense Counsel to submit an affidavit of services rendered for defending this matter;

4.  Entering joint and several judgment against Class Counsel for the reasonable attorneys fees and costs incurred by Defendants in successfully defending this action;

5.  Finding that Class Member, Allan Marain, will save Class Members $3.5 million plus obtain an additional fund substantially equal to the amount of legal fees and costs paid by Defendants to Defense Counsel for defense of this matter, perhaps another $3.5 million, more or less;

6.  Directing Mr. Marain's counsel, Mark R. Silber, to submit an affidavit of services for purposes of assessing a reasonable fee in his favor and against Class Counsel, based upon

      the fund of money to be saved by Class Members in their capacity as shareholders of Defendant, and entering judgment, joint and several, on same;

7. For such other relief as may be deemed appropriate under the facts and law of this case and as this matter may require to serve the ends of justice.

March 3rd, 2010

/s/ Mark R. Silber
MARK R SILBER
10 Station Pl., Ste 2
P.O. Box 486
Metuchen NJ 08840-0486

Tel. 732.494.0400
MRSilber@Verizon.Net

Attorney For Class Member, Allan Marain