**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE SCHERING-PLOUGH / MERCK MERGER LITIG. | Civil Action No.: 09-CV-1099 (DMC)(MF)<br><br>**ORDER AND FINAL JUDGMENT** |

A hearing having been held before this Court (the "Court") on March 24, 2010, pursuant to the Court's Order of December 4, 2009 (the "Preliminary Approval Order"), upon a Stipulation of Settlement, filed on December 3, 2009 (the "Stipulation") in the above-captioned action (the "Action"), which Preliminary Approval Order and Stipulation are incorporated herein by reference, it appearing that due notice of said hearing was given in accordance with the aforementioned Preliminary Approval Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; the entire matter of the Settlement having been considered by the Court; and for good cause shown;

IT IS THIS __*16*__ day of __*April*__, 2010 ORDERED and ADJUDGED as follows:

1.      Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2.      The Notice of Pendency of Class Action, Proposed Settlement of Class Action and Final Approval Hearing (the "Notice") has been provided to the Class (as defined therein) pursuant to and in the manner directed by the Preliminary Approval Order; proof of the mailing of the Notice was filed with the Court; and full opportunity to be heard has been offered

to all parties, the Class and persons in interest.  The form and manner of the Notice is hereby de-

termined to have been the best notice practicable under the circumstances and to have been given

in full compliance with each of the requirements of Fed. R. Civ. P. 23 and due process.

    3.  Defendants have filed a Declaration of Compliance with the Class Action

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants timely mailed notice of the set-

tlement agreement to the Attorney General of the United States of America and the attorneys

general of all 50 states and the District of Columbia pursuant to 28 U.S.C. § 1715(b).  The notice

contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds

that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

    4.  Based on the record in the Action, each of the provisions of Fed. R. Civ. P.

23 has been satisfied and the Action has been properly maintained according to the provisions of

Fed. R. Civ. P. 23(a), 23(b)(1) and (b)(2).  Specifically, this Court finds that:  (i) the members of

the Class are so numerous that joinder of all Class members in the Action is impracticable; (ii)

there are questions of law and fact common to the Class which predominate over any individual

questions; (iii) the claims of the Plaintiffs are typical of the claims of the Class; (iv) the prosecu-

tion of separate actions by individual members of the Class would create a risk of inconsistent

adjudications with respect to individual members of the Class which would establish incompati-

ble standards of conduct for the Defendants; (v) Defendants have acted or refused to act on

grounds generally applicable to the Class, thereby making appropriate final equitable relief with

respect to the Class as a whole, if Plaintiffs' allegations could be proven.

    5.  The Action is hereby certified as a class action, pursuant to Fed. R. Civ. P.

23(a), 23(b)(1) and (b)(2), on behalf of a non opt-out class consisting of all holders of Schering-

Plough common stock at any time during the period from March 8, 2009 through and including

November 3, 2009, the Closing Date of the Transaction, other than the Director Defendants and

any person, firm, trust, corporation, or other entity affiliated with any of the Defendants (the

"Class"). Pursuant to Fed. R. Civ. P. 23(a), 23(b)(1) and (b)(2), Plaintiff City of Edinburgh

Council as Administering Authority for the Lothian Pension Fund is certified as class representa-

tive; and Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein and Grant & Eisenhofer P.A.

are appointed Lead Counsel for the Class and Seeger Weiss LLP is appointed Liaison Counsel

for the Class (collectively, "Class Counsel").

      6.    The terms and conditions of the Settlement are found to be substantively

and procedurally fair, reasonable and adequate, and in the best interests of the Class, and the Set-

tlement is hereby approved pursuant to Fed. R. Civ. P. 23(e). The parties to the Stipulation are

hereby authorized and directed to comply with and to consummate the Settlement in accordance

with its terms and conditions.

      7.    All members of the Class shall be bound by the Order and Final Judgment

herein.

      8.    The Action is hereby completely dismissed with prejudice on the merits as

to all Defendants named in the Action and against the Plaintiffs and all other members of the

Class on the merits and, except as provided in the Stipulation, without costs.

      9.    Plaintiffs and each member of the Class shall be deemed to, and by opera-

tion of this Order and Final Judgment shall, fully, finally, and forever release, settle, discharge

and dismiss with prejudice on the merits, any and all claims, demands, actions or causes of ac-

tion, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any

kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or un-

suspected, disclosed or undisclosed, that have been or could have been asserted in the Action, or

-3-

in any court, tribunal or proceeding (including, but not limited to, any claims arising under state, federal or foreign, common law, statutory or regulatory, or any other law, rule or regulation, including claims relating to alleged fraud, breach of any duty, negligence or violation of federal or state securities laws) by or on behalf of Plaintiffs and any and all of the members of the Class (and Plaintiffs' and Class members' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial, legal and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual, derivative, class or otherwise, legal or equitable, against any and all Defendants in the Action, all directors of Schering-Plough (whether or not named as a Defendant in the Action), Merck, all directors of Merck, SP Merger Subsidiary One, Inc. (formerly Blue, Inc.) and SP Merger Subsidiary Two, Inc. (formerly Purple Inc.) and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, partners, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, auditors, accountants, investment bankers, commercial bankers, lenders, insurers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and any other representatives of any of these persons or entities (collectively, the "Released Persons") that Plaintiffs or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, in-

volved, set forth or otherwise related to the Claims, the Transaction, the negotiation or considera-

tion of the Transaction or any agreements or disclosures relating thereto, the Merger Agreement,

or any preliminary or definitive joint proxy statement/prospectus filed or distributed to share-

holders in connection with the Transaction (including without limitation the Preliminary Joint

Proxy/Prospectus, the Amended Preliminary Joint Proxy/Prospectus, the Second Amended Pre-

liminary Joint Proxy/Prospectus and the Definitive Joint Proxy/Prospectus), including without

limitation any disclosures, non-disclosures or public statements made in connection with any of

the foregoing (collectively, the "Released Claims"); *provided, however*, that the Released Claims

shall not include claims to enforce the Settlement.

        10.     Defendants have agreed as a condition of the Settlement to, and hereby do,

fully, finally, and forever release Plaintiffs, the members of the Class and Plaintiffs' counsel

from all claims arising out of the commencement, prosecution, settlement or resolution of the

Claims; provided, however, that the Released Persons shall retain the right to enforce the terms

of the Stipulation and the Settlement.

        11.     Plaintiffs and all members of the Class, and any of them, are and shall for-

ever be barred and enjoined from commencing, prosecuting, instigating or in any way participat-

ing in the commencement, prosecution or instigation of any action in any court or tribunal assert-

ing any Released Claims against any of the Released Persons.

        12.     As provided in the Stipulation, the release provided in paragraph 9 extends

to claims that Plaintiffs, for themselves and on behalf of the Class, do not know or suspect to ex-

ist in his, her or its favor at the time of the release, which if known, might have affected the deci-

sion to enter into the Settlement or to release the Released Persons or to object or not to object to

the Settlement. Plaintiffs and each member of the Class shall be deemed to waive, and shall

waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or limits a person's release of unknown claims. Further, (i) Plaintiffs, for themselves and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR;

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent to California Civil Code § 1542; and (iii) Plaintiffs, for themselves and on behalf of the Class, acknowledge that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiffs and Defendants acknowledge, and the members of the Class shall be deemed by operation of the entry of this Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

13.     Class Counsel, on behalf of all Plaintiffs' counsel, is hereby awarded at-torneys' fees and expenses in the total amount of $3,500,000 (inclusive of $131,777.16 in costs), which sum the Court finds to be fair and reasonable and which shall be paid in accordance with the terms of the Stipulation.

14.     This Order and Final Judgment shall not constitute any evidence or admis-sion by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefor.

15.     The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Class Counsel's application for an award of attorneys' fees and reimbursement of expenses.

16.     Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consum-mation of the Settlement.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  Additionally, if such event occurs, (a) the Released Persons do not waive their argument that no class should be certified for trial purposes; and (b) any preliminary findings by the Court with respect to class certification shall be null and void.

-7-

DENNIS M. CAVANAUGH, U.S.D.J.